UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

VAN HUYGHUE,

             Plaintiff,

- against -

HOME DEPOT U.S.A., INC.,

             Defendant.

------------------------------------------------------------X

**JUDGE KEENAN**

**08 CV 0091**

Civil Action No.:

**NOTICE OF REMOVAL**



JAN 04 2008
U.S.D.C. S.D. N.Y.
CASHIERS

To The Honorable Judges of The United States District Court for The Southern District of New York:

    Removing party, Home Depot U.S.A., Inc. ("Home Depot"), by its attorneys, D'Amato & Lynch, LLP, respectfully shows this Court:

    1.    Home Depot is the defendant in the above-entitled action.

    2.    On or about October 29, 2007, the above-entitled action was commenced against Home Depot by the filing of a summons and complaint in the Supreme Court of the State of New York, County of New York, under Index No. 114519/07, and is now pending therein.

    3.    On our about November 2, 2007, Home Depot was served with a summons and complaint via the New York Secretary of State in the above-entitled action.

    4.    Home Depot served its answer to the Complaint on November 29, 2007. Home Depot also served with its Answer a Request for a Supplemental Demand, a copies of which are collectively annexed as Exhibit "A".

5. On or about December 10, 2007, plaintiff served a Response to Request for Supplemental Demand therein demanding $5 million in his suit. Annexed as Exhibit "B" is a copy of plaintiff's Supplemental Demand.

6. No further proceedings have been held herein in the Supreme Court of the State of New York, County of New York.

7. The amount in controversy in the above-entitled action, exclusive of interest and costs, exceeds $75,000.00.

8. Plaintiff, by his own admission, is a resident of the State of New York.

9. Home Depot is a corporation duly organized and existing pursuant to the laws of the State of Delaware, having its principal office in the State of Georgia.

10. The above-entitled action is a personal injury action to recover damages for injuries allegedly sustained by the plaintiff as a result of slip and fall accident while he was at the Home Depot store located at 40 West 23rd Street, New York, New York (the "Store"), on January 3, 2006.

11. Plaintiff alleges that Home Depot was negligent in the maintenance of the Store thereby allowing a dangerous condition to exist resulting in personal injuries to plaintiff.

12. This Court has original jurisdiction of the above-entitled action pursuant to 28 U.S.C. §1332, and the action may therefore be removed to this Court pursuant to 28 U.S.C. §1441(b).

13. This notice is timely filed pursuant to 28 U.S.C. §1446.

WHEREFORE, removing party Home Depot U.S.A., Inc. prays that the above-entitled action be removed from the Supreme Court of the State of New York, County of New York to this Court.

Dated: New York, New York
January 3, 2008

                                                D'AMATO & LYNCH. LLP

By: _____
ARTURO M. BOUTIN (AB8654)
Attorneys for Defendant
HOME DEPOT U.S.A.. INC.
70 Pine Street
New York, New York 10270
(212) 269-0927
**Our File No.: 434-74835**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------ X

VAN HUYGHUE,                                    **Index No.: 114519/07**

            Plaintiff,

  -against-                                         **VERIFIED ANSWER**

HOME DEPOT U.S.A., INC.,

            Defendant.

------------------------------------------------------------ X

      Defendant HOME DEPOT U.S.A., INC., by its attorneys, D'AMATO & LYNCH, LLP, as and for its answer, alleges as follows:

      1.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "1" of the Verified Complaint.

      2.    Denies each and every allegation set forth in paragraph "2" of the Verified Complaint, except admits that it is a foreign corporation authorized to conduct business in the State of New York.

      3.    Denies each and every allegation set forth in paragraph "3" of the Verified Complaint.

      4.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "4" of the Verified Complaint.

      5.    Denies each and every allegation set forth in paragraph "5" of the Verified Complaint.

6.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "6" of the Verified Complaint.

7.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "7" of the Verified Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

8.  Upon information and belief, the culpable conduct and comparative and contributory negligence of plaintiff and others contributed to and caused the liability and damages alleged.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

9.  Upon information and belief, if plaintiff sustained any injuries or damages as alleged in the Verified Complaint, such injuries or damages were the result of the culpable conduct and/or assumption of risk by plaintiff. If found, however, that the answering defendant is liable to plaintiff herein, any liability being specifically denied, then the answering defendant alleges that, if any damages are found, they are to be apportioned among the parties according to the degree of responsibility that each is found to have for the occurrence, in proportion to the entire measure of responsibility for the occurrence.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

10. Upon information and belief, plaintiff failed to take any, or sufficient, action necessary to mitigate or minimize the damages allegedly sustained.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

11. Upon information and belief, at all times relevant herein, plaintiff engaged in activity that plaintiff knew or should have known of the risks inherent in engaging

in the activities alleged in the Verified Complaint and hence assumed the risk of any injuries that may have been sustained as a result thereof.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

12. Upon information and belief, plaintiff's claims for medical, dental and/or custodial care, rehabilitation services, loss of earnings or other economic loss are subject to the provisions of Section 4545(c) of the Civil Practice Law and Rules and any and all such past or future costs or expenses which were or will be replaced or indemnified, in whole or in part, from any collateral source are not recoverable in this action.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

13. Upon information and belief, the alleged injuries of plaintiff, if any, were caused or contributed to, in whole or in part, by intervening and superseding causative factors and therefore the claims of plaintiff against the answering defendant should be barred.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

14. Upon information and belief, this action should not proceed in the absence of any entities and persons who should be parties.

### AS AN FOR AN EIGHTH AFFIRMATIVE DEFENSE

15. The answering defendant not being fully advised as to all of the facts and circumstances surrounding the incident complained of herein, hereby asserts and reserves unto itself the defenses of accord and satisfaction, arbitration and award, discharge of bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, laches, license, payment, release, *res judicata*, Statute of Frauds, Statute of Limitations, waiver, and other matter constituting an

avoidance or an affirmative defense which further investigation of this matter may prove applicable herein.

**WHEREFORE,** defendant HOME DEPOT U.S.A., INC. demands judgment dismissing the Verified Complaint as to the answering defendant, together with costs and disbursements of this action awarded to said defendant.

Dated: New York, New York
       November 28, 2007

                                Yours, etc.,
                                D'AMATO & LYNCH, LLP

By: _____
    ROBERT D. LANG, ESQ.
    Attorneys for Defendant
    HOME DEPOT U.S.A., INC.
    70 Pine Street
    New York, New York 10270
    (212) 269-0927
    **Our File No.:  434-74835**

TO:    SOL ZEPNICK, P.C.
         Attorney for Plaintiff
         VAN HUYGHUE
         150 Broadway, Suite 1113
         New York, New York 10038
         (212) 964-9595

## ATTORNEY'S VERIFICATION

ROBERT D. LANG, an attorney duly admitted to practice in the Courts of the State of New York, affirms the following under penalty of perjury, being duly sworn, deposes and says:

1. I am a member of the firm of D'AMATO & LYNCH, LLP, the attorneys of record for defendant HOME DEPOT U.S.A., INC., in the within action.

2. I have read the foregoing VERIFIED ANSWER and know the contents thereof.

3. The same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and, as to those matters, I believe them to be true.

4. The reason this Verification is made by me and not by the defendant HOME DEPOT U.S.A., INC. is because said defendant is not within the county where I have my office.

5. The grounds for my belief as to all matters in the Verified Answer not stated to be upon my knowledge are based upon a review of the file and conversations with the client.

_____
ROBERT D. LANG, ESQ.

Dated: New York, New York
November 28, 2007

5

#283815v1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------ X

VAN HUYGHUE,                                    Index No.: 114519/07

               Plaintiff,

    -against-                                **REQUEST FOR**
                                                              **SUPPLEMENTAL DEMAND**

HOME DEPOT U.S.A., INC.,

               Defendant.

------------------------------------------------------------ X

      Pursuant to Section 3017(c) of the Civil Practice Law and Rules, within 15 days from the date of the service of this Demand, you are hereby required to set forth the total damages to which plaintiff deems himself entitled and list same separately for each cause of action or claim.

Dated: New York, New York
       November 28, 2007

                                                      Yours, etc.,

                                                      D'AMATO & LYNCH, LLP

                                By:   _____
                                                ROBERT D. LANG, ESQ.
                                                Attorneys for Defendant
                                                HOME DEPOT U.S.A., INC.
                                                70 Pine Street
                                                New York, New York 10270
                                                (212) 269-0927
                                                **Our File No.: 434-74835**

#284463v1

TO:    SOL ZEPNICK, P.C.
         Attorney for Plaintiff
         VAN HUYGHUE
         150 Broadway, Suite 1113
         New York, New York 10038
         (212) 964-9595

#284463v1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------x
VAN HUYGHUE,                                    Index No. 114519/07

                Plaintiff,            **COMBINED**
                                                             **DISCOVERY**
            -against-            **RESPONSE**

HOME DEPOT U.S.A., INC.,

                Defendant.
---------------------------------------------------------------x

        Plaintiff VAN HUYGHUE, by his attorney SOL ZEPNICK, P.C., responding to the discovery demands of the Defendant dated November 28, 2007, respectfully sets forth as follows:

I. Demand For Names & Addresses Of All Witnesses:

    -VAN HUYGHUE
    31 East 31st Street
    New York, N.Y. 10016

    -Julie Osterhodt-Store Manager HOME DEPOT #6175
    40 West 23rd Street
    New York, N.Y. 10010

    -HOME DEPOT Store # 6175 employees/doormen "Francis" and "Billy"
    whose names appear in the "Incident Witness Statement" dated
    January 3, 2006, which is annexed hereto.

    -Presently unidentified employees and agents of the Defendant HOME DEPOT
    U.S.A, INC. involved in the inspection, maintenance and cleaning inside the
    store and front entrance of the HOME DEPOT Store #6175 located at 40 West
    23rd Street, New York, N.Y., whose identities must await further discovery and
    depositions in the action.

II. Demand For Statements Of The Defendants:

        None-other than the "Incident Witness Statement" dated January 3, 2006, which is annexed hereto.

III. Demand For Medical Information & Authorizations, Etc.:

    A-C.  Annexed hereto are copies of the following medical and hospital records pertaining to the care and treatment of the Plaintiff in connection with the accident of January 3, 2006:

> -Medical reports of Stephen J. Nicholas, M.D. dated February 6, 2006, March 7, 2006, March 14, 2006, April 6, 2006, April 25, 2006 and September 28, 2007;
>
> -MRI report of the left elbow dated March 7, 2006;
>
> -Operative report of Stephen J. Nicholas, M.D. dated March 29, 2006;
>
> -Lenox Hill Hospital record dated March 29, 2006;
>
> -Physical therapy records dating from May 8, 2006-June 26, 2006.

---------------------------------------------

Annexed hereto are duly executed authorizations permitting the Defendant to obtain copies of the Plaintiff's medical and hospital records from the following parties:

> -Stephen J. Nicholas, M.D., P.C.
> 130 East 77th Street
> New York, N.Y. 10021
>
> -Lenox Hill Radiology & Medical Imaging Associates, P.C.
> 61 East 77th Street
> New York, N.Y. 10021
>
> -Lenox Hill Hospital
> 100 East 77th Street
> New York, N.Y. 10021
>
> -PRO Physical Therapy
> 404 Park Avenue South #4-R
> New York, N.Y. 10016

D.  Annexed hereto copies of the following medical bills and invoices incurred by the Plaintiff in connection with the accident of January 3, 2006:

| | |
|---|---|
| -Stephen J. Nicholas, M.D., P.C. (2/6/06-11/2/07): | $7,987.55 |
| -Lenox Hill Hospital (3/29/06): | $4,941.06 |
| -Lenox Hill Radiology (3/7/06): | $1,050.00 |
| -PRO Physical Therapy (5/8/06-6/26/06): | $1,020.00 |

E-J.  Not applicable.

IV. Demand For Collateral Source Information:

Annexed hereto are duly executed authorizations permitting the Defendant to obtain copies of the Plaintiff's accident-related medical and hospital bill payment records from Empire Blue Cross/Blue Shield, c/o Excellus, 165 Court Street, Rochester, N.Y. 14647 (ID #: MVA3243R8155); and from Aetna, P.O. Box 981106, El Paso, TX 79998-1106.

V. Demand For Pharmacy Records:

Annexed hereto is a duly executed authorization permitting the Defendant to obtain copies of the Plaintiff's accident-related pharmacy records from Duane Reade, 4 Park Avenue, New York City, N.Y. 10016

VI. Demand For Photographs:

A.  Annexed hereto are color laser copies of six (6) photographs, which are intended to depict the general location of the accident; not the conditions, which existed at the time of the accident.

B.  Annexed hereto are color laser copies of two (2) photographs depicting the Plaintiff's injuries.

VII. Demand For Income Tax Returns:

    Not applicable. No claim is being made for lost earnings.

VIII. Demand For Employment Authorizations:

    Annexed hereto is a duly executed authorization to obtain copies of the Plaintiff's employment records from Screenvision, 1411 Broadway, New York, N.Y. 10018.

IX. Demand For Plaintiff's Residence, Date Of Birth & Social Security Number:

31 East 31st Street, Apt. 12-F      D/O/B: June 6, 1944
New York, N.Y. 10016      SS#: 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

X. Demand For Height & Weight Of Plaintiff At Time of Accident:

    Height: 5'7    Weight: (approx.) 140 lbs.

XI. Demand For Insurance Disclosure:

    Not applicable.

XII. Demand For Expert Information:

    The Plaintiff has not yet retained an expert for purposes of testifying at the trial of the action. When and if such expert is retained, Plaintiff will submit a response in accordance with CPLR 3101(d).

XIII. Notice For Discovery-Records:

    1.    Annexed hereto is a copy of the Affidavit of Service.

    2-6.    Not applicable.

    7.    Annexed hereto is a duly executed authorization permitting the Defendant to obtain copies of the Plaintiff's accident-related medical and hospital bill payment records from Empire Blue Cross/Blue Shield, P.O. Box 1407, Church Street Station, New York, N.Y. 10008 (ID #: MVA3243R8155).

8a.  Annexed hereto is a duly executed authorization to obtain copies of the Plaintiff's employment records from Screenvision, 1411 Broadway, New York, N.Y. 10018.

8b.  Not applicable.

XIV. Demand For Prior Proceedings:

Not applicable

XV. Request For Supplemental Demand:

Five Million ($5,000,000.00) Dollars

XVI. Demand For Index Number & Proof of Filing:

Annexed hereto.

XVII. Demand For Appearances By Attorneys:

SOL ZEPNICK, P.C.
Attorney for Plaintiff
150 Broadway -Suite 1113
New York, N.Y. 10038

D'AMATO & LYNCH, LLP
Attorneys for Defendant
70 Pine Street
New York, N.Y. 10270

Dated: New York, New York
December 10, 2007

Yours, etc.,

SOL ZEPNICK, P.C.
Attorney for Plaintiff
150 Broadway, Suite 1113
New York, N.Y. 10038
(212) 964-9595

TO:  D'AMATO & LYNCH, LLP
Attorneys for Defendant
70 Pine Street
New York, N.Y. 10270
File No.: 434-74835