# SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE ("Settlement Agreement") is made and entered into this 24th day of March, 2008 by and between Van Huyghue ("Plaintiff") and Home Depot, U.S.A., Inc. ("Home Depot").

This Settlement Agreement is entered into for the purpose of settling any and all claims, controversies and disputes, made or not made, between the aforesaid parties arising in any way out of an incident which occurred at Home Depot (Store 6175) on or about January 3, 2006 ("Incident"), and which resulted in a lawsuit styled <u>Van Huyghue v. Home Depot U.S.A., Inc.</u>, Civil Index Number 08CV0091 (JFK)(AJP), in the United States District Court, Southern District of New York (the "Lawsuit").

Plaintiff and Home Depot desire to enter into this Settlement Agreement to discharge all claims resulting from the Incident and/or asserted in the Lawsuit upon the payment of the settlement amount, the terms and conditions of which are set forth herein.

*Agreement*

The parties hereby agree as follows:

1. In consideration of the payments set forth herein, Plaintiff hereby completely releases and forever discharges and holds harmless Home Depot and its past, present and future officers, directors, stockholders, attorneys, agents, servants, representatives, employees, parents, subsidiaries, affiliates, partners, predecessors and successors in interest, heirs and assigns and all other persons,

firms or corporations with whom any of the former have been, are now or may hereafter be affiliated, of and from any and all past, present or future claims, demands, obligations, actions, causes of action, rights, damages, costs, expenses and compensation of any nature whatsoever, whether based on a tort, contract or other theory of recovery, and whether for compensation or punitive damages, which Plaintiff now has or which may hereafter accrue or otherwise be acquired on account of, or in any way growing out of the Incident which is the subject of this Settlement Agreement, including, but not limited to, any and all known or unknown claims for bodily and personal injuries and the consequences thereof, property damages, business losses or destruction, economic losses of any nature, emotional damages, punitive damages or any other damages or losses, which have resulted or may result from any alleged negligent, grossly negligent, reckless or intentional acts or omissions of Home Depot. This release shall be a fully binding and complete settlement between Plaintiff and Home Depot and all parties represented by or claiming through them.

2.    Upon the execution of this Settlement Agreement and the satisfaction by Home Depot of the payment as set forth in paragraph 3 below, Plaintiff agrees to dismiss the Lawsuit with prejudice, as against Home Depot.

3.    In consideration of the releases and other promises and agreements set forth herein, Home Depot hereby agrees to pay to Plaintiff through his attorneys and remit settlement draft as agreed between the parties to plaintiff and his attorneys in the amount of $66,000.00, with Plaintiff assuming any and all

responsibility to pay any and all liens and indemnifying and holding Home Depot harmless with respect thereto.

4.    Each party hereto shall bear all attorneys' fees and costs arising from the actions of its own counsel in connection with the Incident, the Lawsuit and the Settlement Agreement and all matters and documents referred to herein.

5.    Plaintiff acknowledges and agrees that the release set forth herein is a general release and that he expressly waives and assumes the risk of any and all claims for damages which exist as of this date, but which they do not know of or suspect to exist, whether through lack of discovery, lack of knowledge, oversight, error, negligence, or otherwise, and which, if known, would materially affect their decision to enter into this Settlement Agreement.

6.    Plaintiff acknowledges that the damages which allegedly have or may be sustained are or may be of a permanent or hidden nature and that damage therefrom is uncertain and indefinite, and in making this Settlement Agreement it is understood and agreed that Plaintiff relies wholly upon his judgment, belief and knowledge of the nature, effect and duration of said damages, and Plaintiff hereby assumes full responsibility for any such damages or losses.  Plaintiff further agrees that he accepts payment of the sums specified herein as a complete compromise of matters involving disputed issues of law and fact and fully assumes the risk that the facts or the law may be otherwise than believed or understood by him.

7.    Upon receipt of the payment described herein, counsel for Plaintiff will deliver to counsel for Home Depot a copy of this complete and fully executed Settlement Agreement.

8. Plaintiff represents and warrants that no other person or entity has or has had any interest in the claims, demands, obligations or causes of action referred to in this Settlement Agreement, that Plaintiff has the sole and exclusive right to receive sums specified in it and that Plaintiff has not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations or causes of action referred to in this Settlement Agreement.

9. Plaintiff agrees and acknowledges that the payment of the sum specified in this Settlement Agreement is a full and complete compromise of doubtful and disputed claims; that neither payment of the sums by Home Depot nor the negotiations for this settlement (including any and all statements, admissions and/or communications) by Home Depot or its attorneys or representatives shall be considered an admission of liability by any of said parties and that such liability is expressly denied by all parties; and that no past or present wrongdoing on the part of Home Depot shall be implied by such payment or negotiations.

10. Plaintiff hereby represents that either he is unaware of any liens or other encumbrances presently existing against the settlement amount, or, if such liens do exist, Plaintiff expressly agrees to satisfy any and all of those liens out of the settlement amount. In no event will Home Depot be responsible for any liens. Plaintiff further agrees to fully indemnify and save harmless Home Depot from any and all claims or liens presently existing against the settlement herein, including but not limited to medical liens, by any person, entity or corporation.

11. This Settlement Agreement is entered into in the State of New York and shall be construed and interpreted in accordance with its laws.

12. In entering into this Settlement Agreement, Plaintiff represents that he is of lawful age and of sound mind and is competent to enter into this Settlement Agreement and that he has relied upon the legal advice of personally selected counsel and that the terms of this Settlement Agreement have been completely read by him and explained to him and that those terms are fully understood and voluntarily agreed to.

13. Plaintiff acknowledges and agrees that this Settlement Agreement has been negotiated at arms-length between persons knowledgeable in the matters dealt with herein.    Accordingly, any rules of law that would require interpretation of any ambiguities against the party who drafted this Settlement Agreement do not apply and are expressly waived.

14. All parties agree to cooperate fully and execute any and all documents and to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Settlement Agreement.

15. It is fully understood and agreed that this Settlement Agreement covers all claims asserted and unasserted, it being the intent of the undersigned Plaintiff to fully extinguish all claims against anyone allegedly responsible for injuries or damages sustained as a direct or indirect result of the Incident.

16. Plaintiff and his attorneys further agree that the terms of this Settlement Agreement, including, but not limited to, the terms, conditions and amount of payment, as well as information concerning the Lawsuit, are strictly confidential and

that no further disclosure, report or suggestion concerning same shall be made to any person or entity, except as required by law. Plaintiff expressly represents and agrees as a condition of payment of the amount specified herein by Home Depot that he will not further disclose any information concerning the Lawsuit, or this settlement to any other party, including the media, unless ordered to do so by a court of law or as necessary for purposes of payment of income taxes. In the event Plaintiff is asked about the Lawsuit, he may respond only that the matter has been resolved, but will provide no other information. This confidentiality agreement is being made part of the consideration for the settlement of this claim, and any further disclosure shall constitute a breach of this Settlement Agreement obligating Plaintiff to promptly repay Home Depot all amounts recovered pursuant to this Settlement Agreement.

17. The parties further agree that in the event of any breach of this Settlement Agreement, the breaching party will pay all attorneys' fees and expenses incurred by the non-breaching party in enforcing the provisions hereof.

18. All discovery documents and all copies or reproductions of same (in whole or in part) provided by Home Depot to Plaintiff or his counsel shall be returned to counsel for Home Depot within 30 days of the execution of this Settlement Agreement. No copies or reproductions of these materials shall remain with Plaintiff or Plaintiff's counsel and no such materials shall be distributed or made available to any third-party.

19. This Settlement Agreement contains the entire agreement between Plaintiff and Home Depot with regard to the matters set forth herein. There are no other understandings or agreements, verbal or otherwise, in relation thereto, between the

parties except as herein expressly set forth. Plaintiff, in executing this Settlement Agreement, does not rely on any inducements, promises or representations made by Home Depot or any of its representatives. This Settlement Agreement shall be binding upon and inure to the benefit of the executors, administrators, personal representatives, heirs, successors and assigns of each.

20. Home Depot makes no warranties or representations regarding the payment referenced in this Settlement Agreement. In the event any taxing authority deems such payment to be taxable, in whole or in part, Plaintiff shall be solely responsible for the payment of all such taxes and shall indemnify Home Depot in the event any taxing authority seeks payment from Home Depot for any taxes.

21. This Settlement Agreement shall become effective immediately upon execution.

Executed this ___5___ day of ___MAY___, 2008.

_____

VAN HUYGHUE, PLAINTIFF

Sworn to an subscribed before me
this _5_ day of _MAY_, 2008.

_____
Notary Public

SOL ZEPNICK
NOTARY PUBLIC, STATE OF NEW YORK
Reg. No. 02ZE9797975
Qualified in Bronx County
My Commission Expires January 31, 2011

Executed this 5 day of MAY , 2008.

SOL ZEPNICK, P.C.
Attorney for Plaintiff
150 Broadway, Suite 1113
New York, New York 10038
(212) 964-9595

Sworn to an subscribed before me
this 5 day of MAY , 2008.

Notary Public

DOUGLAS M. ROSENTHAL
Notary Public, State of New York
No. 02RO5025442
Qualified in Nassau County
Commission Expires March 28, 20 0

#293302v1